Hilda Gr. Schwartz, J.
Petitioners’ application, pursuant to CPLR article 78 for a judgment revoking the declaration of *523 effectiveness of a plan of co-operative organization by the Attorney-General, is denied. The sole ground for this application was that an amendment to the plan of the co-operative organization which announced the declaration of effectiveness was accepted and filed by respondent Attorney-General after the expiration of the 18-month period from the first filing of the plan, during which the plan must become effective (Rent Stabilization Law, Administrative Code of City of New York, § YY51-6.0, subd. c, par. [9], cl. [f] and Rent Stabilization Code, § 61 [4] [f]).
There is no dispute as to the facts. The co-operative organization’s plan became “ effective ” upon the sale of shares covering their apartments to 35% of the tenants of the building. The number needed was 16.: Sixteen sales of apartments to tenants were made prior to the expiration of 18 months and all the tenants, including petitioners, were notified by letter that the plan was declared effective. What respondent co-operative organization did not do within 18 months was file the amendment to the plan.
Petitioners misunderstand the requirement to file with the Attorney-General an amendment showing the declaration of effectiveness of the plan. The effectiveness of the plan changes the offering to the public (nontenants) as prospective purchasers. The Attorney-General properly retained jurisdiction over the manner of and language involved in the public offering and therefore required the proper filing of an amendment prior to such public offering. When the Attorney-General discovered the absence of the filed amendment, it required the co-operative organization to discontinue such offering until it came into compliance, in accordance with article 23-A of the General Business Law, and an assurance of discontinuance was entered into and filed.
The public offering and the status of nonpurchasing tenants after the effective date of the plan do not necessarily require the same type of notice. The letter notice of effectiveness of the plan, which petitioners acknowledge the tenants received, is all that the statute requires. The plan itself calls for notice by amendment and the rules of the Attorney-General also require it, but these are procedural provisions which have been from time to time added and changed. The substantive rights of petitioners changed when the sixteenth apartment was sold within 18 months, regardless of the form of their notice.